This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

    Plaintiff-Appellee,

**v.**                                                                                    NO. 33,354

**ODEN GUTIERREZ,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant


Gary K. King, Attorney General
Sri Mullis, Assistant Attorney General
Santa Fe, NM

for Appellee


## DISPOSITIONAL ORDER OF AFFIRMANCE

{1}    This direct appeal having come before the Supreme Court from an Eleventh

Judicial District sentencing, and every member of the Court having studied the briefs, and being otherwise fully informed on the issues and applicable law; and

{2}     The members of the Court having concurred that there is no reasonable likelihood that a Decision or Opinion would affect the disposition of this appeal or advance the law of the State; and

{3}     Acting within this Court's discretion under Rule 12-405(B)(1) NMRA to dispose of a case by order, decision, or memorandum opinion rather than formal opinion;

**IT IS THEREFORE ADJUDGED THAT:**

{4}     Child previously exercised a direct capital appeal to this Court following his original sentencing in this case. This Court issued an opinion, *State v. Gutierrez*, 2011-NMSC-024, 258 P.3d 1024, reversing the sentence and remanding the case to the district court for re-sentencing with instructions that a pre-sentence report be prepared and submitted to the district court prior to re-sentencing. *Id.* ¶ 67.

{5}     On remand, the district court received and reviewed the pre-sentence report, as required by NMSA 1978, Section 31-18-15.3(D) (1993). "To err on the side of caution," the district court held what it termed an "amenability hearing only as to other counts . . . that [Child] was convicted of *other* than the [first-degree] murder charge."

{6}    At the end of the hearing, the district court sentenced Child to "life plus eighteen years" for first-degree murder, aggravated burglary, and armed robbery.

{7}    In this appeal, Child argues that his sentence of "life plus eighteen years constitutes cruel and unusual punishment" because the sentencing hearing did not take into account the unique mitigating circumstances of adolescence as required by the United States Supreme Court, under *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455 (2012).

{8}    In *Miller*, the United States Supreme Court held that "[a statutory] scheme that mandates life in prison without possibility of parole for juvenile offenders" violates the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment. *Miller v. Alabama*, ___ U.S. ___, 132 S. Ct. 2455, 2469 (2012). A sentencer is required to take into account the unique circumstances of the juvenile offender and the crime when deciding whether to impose a life sentence without the possibility of parole. *Id.* However, *Miller* "[does] not foreclose a sentencer's ability to make that judgement in homicide cases." *Id.*

{9}    Here, the Child's sentence is not life without the possibility of parole, but life *with* the possibility for parole. Consequently, the Child's argument that his sentence is on par with the sentence in *Miller*, and thus constitutionally barred, is weaker than

3

it appears on first blush. In addition, the district court acknowledged that the sentence was not mandatory in this case, but it was "very appropriate . . . and [the district court saw] no reason to deviate" from the sentence of life imprisonment after hearing the testimony and taking the circumstances of Child and the crime into account.

{10}     *Miller* does not stand for the proposition that the Eighth Amendment categorically bars a sentence of life without parole for juveniles. *Miller*, ___ U.S. ___, 132 S. Ct. 2455, 2469 (2012). *Miller* only requires that the sentencer weigh the circumstances of the crime before sentencing a juvenile to life without the possibility of parole, instead of imposing a mandatory sentence. Since life *with* the possibility of parole is a lesser sentence, and the district court considered the unique circumstances of the case, the Child's sentence does not transgress the constitutional standard.

{11}     The Child does not claim that the district court abused its discretion in the manner in which it considered the evidence and its sentencing decisions. The district court took the unique circumstances of the Child and the crime into account before determining the appropriate sentence. Accordingly, we **AFFIRM** the sentencing.

{12}     **IT IS SO ORDERED.**

_____

**PETRA JIMENEZ MAES, Chief Justice**


_____

**RICHARD C. BOSSON, Justice**


_____

**EDWARD L. CHÁVEZ, Justice**


_____

**CHARLES W. DANIELS, Justice**


_____

**BARBARA J. VIGIL, Justice**